**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA ANTONIETA LUX and SANDY LISBETTE LUX, <br><br> Petitioners, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 11-73592 <br><br> Agency Nos.     A072-537-479 <br>                   A072-537-481 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016[**]

Before:     LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Maria Antonieta Lux and Sandy Lisbette Lux, natives and citizens of

Guatemala, petition for review of the Board of Immigration Appeals' order

dismissing their appeal from an immigration judge's order denying their motion to

reopen removal proceedings conducted in absentia. Our jurisdiction is governed

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo questions of law. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We deny in part and dismiss in part the petition for review.

Petitioners conceded that their motion to reopen was untimely, thus the agency did not abuse its discretion in denying petitioners' motion to reopen where they failed to demonstrate the due diligence necessary to warrant equitable tolling of the filing deadline. *See id.* at 897 (equitable tolling is available "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error"); *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (diligence requires petitioner to take "reasonable steps to investigate [any] suspected fraud" or make "reasonable efforts to pursue relief").

The agency correctly determined that *Matter of M-S-*, 22 I. & N. Dec. 349 (BIA 1998), does not apply to petitioners, where their untimely motion sought to reopen proceedings to apply for a form of relief that had been available to them at their original hearing. *See* 22 I. & N. Dec. at 356-57 (a motion to reopen seeking only to apply for relief unavailable to the movant at the time of the hearing is still subject to the regulatory requirements governing motions to reopen).

11-73592

In their opening brief, petitioners fail to raise, and therefore have waived, any challenge to the agency's determination that deportability was established based on the information contained in the Form I-213, which was furnished by their husband and father at his asylum hearing. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (issues not raised in an opening brief are waived). We lack jurisdiction to review petitioners' unexhausted challenges to the reliability of the Form I-213 as the basis for the deportability determination, including alleged discrepancies between the Form I-213 and the request for issuance of the Order to Show Cause, and their contention that the administrative record lacks a record of the asylum interview. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's administrative proceedings).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**